IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50495
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FREDY OSIRIS SUAREZ-BACA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-724-ALL-EP
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Fredy Osiris Suarez-Baca appeals the 41-month term of imprisonment imposed following his guilty plea conviction of being found in the United States after removal in violation of 8 U.S.C. § 1326. He contends that the sentence is invalid because it exceeds the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

    Suarez-Baca complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior removal following an aggravated felony conviction. He argues

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the sentencing provision violates the Due Process Clause. Alternatively, Suarez-Baca contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment. Suarez-Baca acknowledges that his arguments are foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issues for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). Suarez-Baca's arguments are foreclosed. The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

Suarez-Baca has filed a motion for leave to file a pro se supplemental brief. By accepting the assistance of counsel, Suarez-Baca has waived any opportunity to present pro se pleadings on direct appeal. See Myers v. Johnson, 76 F.3d 1330, 1335 (5th Cir. 1996); 5th Cir. R. 28.7. The motion is DENIED.

AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; MOTION TO FILE A SUPPLEMENTAL BRIEF DENIED.